UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>           Plaintiff,<br><br>   vs.<br><br>COMPOSE, et al.,<br><br>           Defendants. | 1:19-cv-01149-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I.      BACKGROUND

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 23, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) Plaintiff has not submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, nor paid the $400.0 filing fee for this action.

## II.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

1

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." Andrews, 398 F.3d at 1121 (quotation and citation omitted).

## III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

1) Hammler v. Kernan, Civil Case No. 3:18-cv-01170-DMS-NLS (S.D. Cal. Dec. 10, 2018 Order of dismissal for failure to state a claim and as frivolous) (strike one);

2) Hammler v. Director of CDCR, Civil Case No. 1:17-cv-00097-NJV (N.D. Cal. Apr. 27, 2017 Order of dismissal for failure to state a claim) (strike two);[1]

3) Hammler v. Hough, Civil Case No. 3:18-cv-01319-LAB-BLM (S.D. Cal. May 24, 2019 Order of dismissal as frivolous and for failure to state a claim) (strike three); and

---

[1] See Harris v. Mangum, 15-15054, 863 F.3d 1113, 1143 (9th Cir. 2017) (when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)).

4)     <u>Hammler v. Hudson</u>, Civil Case No. 2:16-cv-1153-JAM-EFB-P (E.D. Cal. May 17, 2019 Order of dismissal for failure to exhaust administrative remedies) (strike four).[2]

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. <u>See</u> <u>Cervantes</u>, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Id.</u> at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. <u>See</u> <u>Cervantes</u>, 493 F.3d at 1053. In the Complaint Plaintiff alleges that in September 2018, Defendants brought him a Kosher dinner tray that was not properly sealed, walked away and left him unattended when he stated he was suicidal, retaliated against him for seeking to speak his mind, and violated his right to free speech. Plaintiff did not file the Complaint until nearly a year later, on August 23, 2019. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff should not be permitted to proceed *in forma pauperis* in this action and should be required to submit the appropriate filing fee in order to proceed with this action.

---

[2] <u>See</u> <u>El-Shaddai v. Zamora</u>, No. 13-56104, 2016 WL 4254980 (9th Cir. Aug. 12, 2016) (a case counts as a strike under § 1915(g) if failure to exhaust is evident on the face of complaint).

1

**IV.    CONCLUSION AND RECOMMENDATIONS**

2          Based on the foregoing, it is HEREBY RECOMMENDED that:

3          1.      Pursuant to 28 U.S.C. § 1915(g), Plaintiff be denied leave to proceed in this action

4                  *in forma pauperis* under 28 U.S.C. § 1915(g); and

5          2.      Plaintiff be required to pay the $400.00 filing fee in full within thirty days.

6          These Findings and Recommendations will be submitted to the United States District

7   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

8   fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff

9   may file written objections with the Court.  The document should be captioned "Objections to

10  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

11  objections within the specified time may waive the right to appeal the District Court's order.

12  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

IT IS SO ORDERED.

14

15  Dated:    **September 10, 2019**                    **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28