UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>COMPOSE, et al.,<br><br>    Defendants. | No. 1:19-cv-01149-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 5) |

Plaintiff Allen Hamler is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by filing a complaint on August 23, 2019. (Doc. No. 1.) Plaintiff has not filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, nor has he paid the $400.00 filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 10, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the court not permit plaintiff to proceed *in forma pauperis* and that he be required to pay the filing fee in order to proceed with this action because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 5 at 3–4.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at

5.) On October 24, 2019, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.[1]

In his objections to the pending findings and recommendations, Plaintiff asserts that two of the dismissal orders relied upon in the findings and recommendations—*Hammler v. Kernan*, 3:18-cv-01170-DMS-NLS (S.D. Cal. Dec. 10, 2018) and *Hammler v. Hough*, 3:18-cv-01319-LAB-BLM (S.D. Cal. May 24, 2019)—cannot count as strikes because they are pending appeal in the Ninth Circuit Court of Appeals. (Doc. No. 9 at 2.) Plaintiff is mistaken as a matter of law. The United States Supreme Court has clarified that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal," and has held "that a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending." *Coleman v. Tollefson*, ___U.S.___, ___, 135 S. Ct. 1759, 1763, 1765 (2015); *see also Lipsey v. Mendoza*, No. 1:18-cv-00969-LJO-GSA-PC, 2019 WL 295767, at *2 (E.D. Cal. Jan. 23, 2019) (citing *Coleman*, 135 S. Ct. at 1765) ("Plaintiff is not entitled to proceed *in forma pauperis* in this case, even if he has not exhausted or waived his opportunity to appeal any of his cases that count as a strike under 28 U.S.C § 1915(g).").

Plaintiff also contends that the dismissal order in *Hammler v. Hudson*, 2:16-cv-01153-JAM-EFB (E.D. Cal. May 17, 2019) should not count as a strike because his complaint in that case was dismissed for failure to exhaust administrative remedies, which is not one of the enumerated reasons under § 1915(g). (Doc. No. 9 at 2.) However, plaintiff's failure to exhaust

---

[1] The undersigned notes that the findings and recommendations relied upon four prior cases that were dismissed and counted all of them as strikes under 28 U.S.C. § 1915(g). The undersigned disagrees with the magistrate judge's conclusion that the dismissal in *Hammler v. Director of CDCR*, 1:17-cv-00097-NJV (N.D. Cal. Apr. 27, 2017) ("*CDCR*") constitutes a strike under § 1915(g). However, because the court agrees that the other three dismissals count as strikes, the analysis and conclusion remain the same.

2

his administrative remedies prior to filing suit was clear from the face of his complaint filed in *Hudson*. (*Hudson*, Doc. No. 50 at 4, 10.) Thus, the *Hudson* dismissal is properly counted as a strike under § 1915(g). *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (Holding that a dismissal for failure to exhaust administrative remedies counts as a strike dismissal under § 1915(g) if the failure to exhaust is clear from the face of the complaint); *Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB, 2018 WL 1905667, at *2 (E.D. Cal. Apr. 23, 2018) ("[I]f a case is dismissed because the failure to exhaust was clear on the face of the complaint, and no outside evidence was considered in reaching that determination, the dismissal would count as a strike.").

Accordingly:

1. The findings and recommendations (Doc. No. 5) issued on September 10, 2019 are adopted;
2. Within thirty days from the date of service of this order, plaintiff is required to pay in full the $400.00 filing fee for this action; and
3. Plaintiff's failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: __**December 17, 2019**__  _____
UNITED STATES DISTRICT JUDGE