UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | 1:19-cv-01149-DAD-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR STAY (ECF No. 13.)** |
| vs. | |
| COMPOSE, et al., | |
| Defendants. | |

## I.      BACKGROUND

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.   On August 23, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On December 18, 2019, the court denied Plaintiff leave to proceed with this case *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on his accrual of three "strikes" for the dismissals of three prior cases, Hammler v. Hough, Hammler v. Kernan, and Hammler v. Hudson.  (ECF No. 10.)  Plaintiff was ordered to pay the $400.0 filing fee for this action within thirty days or this case will be dismissed without prejudice.  (Id.)

On January 8, 2020, Plaintiff filed a motion to stay the proceedings in this case pending resolution of his appeals to the Ninth Circuit in Hammler v. Hough and Hammler v. Kernan.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); accord Stone v. I.N.S., 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (Breyer, J., dissenting) (quoting Landis, 299 U.S. at 254)). A court's decision to grant a stay is discretionary, "dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 432 (2009). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55. The movant bears the burden of showing the circumstances justify a stay. Id. at 433-34; see Clinton v. Jones, 520 U.S. 681, 708 (1997). The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [*sic*] else." Id. at 255.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254–55).

## III. DISCUSSION

Plaintiff states that the pending decisions on appeal in Hammler v. Hough and Hammler v. Kernan will affect the litigation of the present case.[1] Plaintiff also argues that dismissal of the

---

[1] Plaintiff first states in his motion that the Ninth Circuit's decisions in two cases, Hammler v. Hough and Hammler v Kernan, will affect this case. (ECF No. 13 at 2.) Plaintiff then makes a correction, stating that only Hammler v. Hough is currently on appeal at the Ninth Circuit, and Hammler v. Kernan awaits the district court's decision on a motion for reconsideration. (Id. at 3.)

present case will result in multiple filings, purportedly because Plaintiff will file the case again. Also, Plaintiff asserts that he cannot afford to pay the $400.00 filing fee at this time, but he may be able to pay the filing fee, in time, if a stay is granted.

Plaintiff has not met his burden of showing the circumstances justify a stay. Plaintiff has not shown that it is certain, or even likely, that resolution of the pending issues in <u>Hammler v. Hough</u> and <u>Hammler v. Kernan</u> will affect the district court's decision in this case. Nor has Plaintiff made out a clear case of hardship or inequity in being required to go forward without a stay, even considering that a stay may result in damage to someone else. In moving for this stay, Plaintiff's only apparent argument is that if the stay is not granted he will most likely suffer dismissal of this case based on the court's finding that he has accrued three "strikes" under 28 U.S.C. § 1915(g) and is not entitled to proceed with this case *in forma pauperis*. Under this outcome Plaintiff will be allowed to refile the case because the dismissal will be without prejudice. (<u>See</u> ECF No. 10 at 3:14-15 ("Plaintiff's failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.")) Where Plaintiff has not identified any particular harm beyond the cost of re-filing this action, the Ninth Circuit has held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of <u>Landis</u>." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1112 (9th Cir. 2005).

Because Plaintiff has not met his burden of justifying the imposition of a stay, Plaintiff's motion for stay shall be denied.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for stay, filed on January 8, 2020, is DENIED.


IT IS SO ORDERED.

Dated:  __**January 13, 2020**__          _____**/s/ Gary S. Austin**_____
                                                                      UNITED STATES MAGISTRATE JUDGE